IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-413-BO

| | |
|---|---|
| BOBBY GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 25, 27]. A hearing on this matter was held in Elizabeth City, North Carolina on July 28, 2014. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

BACKGROUND

Plaintiff protectively filed for disability insurance benefits (DIB) under Title II of the Social Security Act on May 4, 2010, alleging disability beginning on March 4, 2009. The Social Security Administration denied plaintiff's application initially and upon reconsideration. On October 13, 2011, Mr. Gray appeared and testified before an Administrative Law Judge (ALJ). On December 1, 2011, the ALJ denied Mr. Gray's application. The Appeals Council denied plaintiff's request for review on April 5, 2013, and the ALJ's decision became the final decision of the Commissioner on that date. Mr. Gray now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

1

## MEDICAL HISTORY

Plaintiff suffers from a degenerative disc disease of the lumbar spine following a work accident on March 4, 2009, since which he has not worked. [Tr. 34]. Mr. Gray underwent several MRIs in connection with this injury, which showed progressive degeneration. [Tr. 230, 324, 589, 591–92].[1] Mr. Gray underwent extensive treatment for his back pain, including surgery on July 29, 2009, but his pain persists. [Tr. 35–39, 235–36]. At the ALJ hearing in 2011, plaintiff testified that he still experienced back pain every day, despite surgery, using a Tens unit from two to seven times per week, and taking numerous prescription pain medications. [Tr. 35–37]. Mr. Gray also testified that he could only stand for approximately two hours before needing to rest, and he could only sit in a chair for up to one hour before his feet went numb and he experienced back pain. [Tr. 38–39]. In addition to back pain, plaintiff suffers from shoulder pain, knee pain, hepatitis C, hypertension, depression, and anxiety. [Tr. 17].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

---

[1] Evidence of the most recent MRI, performed in 2012, was submitted after the ALJ's decision but was presented to the appeals council and thus is appropriately considered here. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc).

In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. [Tr. 17]. Plaintiff's degenerative disc disease of lumbar spine, degenerative joint disease with knee and shoulder pain depression, hepatitis C, obesity, and bilateral foot numbness were considered severe impairments at step two, but were not found alone or in combination to meet or equal a Listing at step three. [Tr. 17–18]. After finding plaintiff's statements not entirely credible, the ALJ concluded Mr. Gray could perform a reduced range of light work, but could not return to his past relevant work. [Tr. 18, 20]. Last, the ALJ considered Mr. Gray's age, education, work experience, and RFC, and

3

found that other jobs existed in significant numbers in the national economy that Mr. Gray could perform, thereby determining that plaintiff was not disabled as of the date of his opinion. [Tr. 23].

The ALJ's decision in this case is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. 404.1545(a)(3). When formulating plaintiff's RFC, the ALJ relied on the opinion of Dr. Bachara, a consultative psychologist, who opined that plaintiff retained the capacity to perform simple, routine, repetitive tasks. [Tr. 22, 303]. Dr. Bachara's evaluation, on which the ALJ placed significant weight, made no reference to plaintiff's ability to sit, stand, or work. [Tr. 300–303]. The ALJ did not afford significant weight to the opinion of either the state agency medical consultant or Mr. Gray's treating medical physicians. [*Id.*].

The ALJ's decision in this case is particularly troubling because he discounted the opinions of three treating physicians and relied upon a non-treating psychologist's opinion in formulating an RFC that pertained to plaintiff's physical limitations. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v Bowen*, 829 F.2d. 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR. 96-2p. The record contains opinions from three of Mr. Gray's treating physicians. In 2010, Dr. Rich, a neurologist, noted that Mr. Gray suffered from a disc that has "basically worn out," and would not be able to return to work involving "heavy frequent lifting," but might be able to perform "sedentary office work when feasible." [Tr. 249]. This conclusion is consistent with that of Dr. Reznik, a pain management specialist, who stated that

4

Mr. Gray suffered from "chronic pain," and might be able to perform "sedentary part-time work, at best." [Tr. 315]. Further, Dr. Breiner, Mr. Gray's primary physician, opined that Mr. Gray would be able to sit for less than two hours per day, stand for no more than two hours per day, and walk for no more than two hours per day. [Tr. 412]. The opinions of Drs. Rich, Reznik, and Breiner are not inconsistent with the record evidence and serve to bolster plaintiff's credibility regarding his limitations. While the ALJ did not specifically analyze plaintiff's statements regarding his limitations, the vocational expert testified that if plaintiff's testimony were credited, there would be no job in the national economy that plaintiff could perform. [Tr. 46-47]. Because the record clearly demonstrates that plaintiff would not be able to stand or sit for the length of time proscribed by the ALJ's RFC finding, the Court finds the ALJ's decision is not supported by substantial evidence.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 237 (E.D.N.C. 1987). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Brenden v Weinberger*, 493 F.2d 1002, 1002 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

5

The Court, in its discretion, finds that reversal and remand for an award of benefits is appropriate in this instance, as the ALJ clearly explained the basis for his decision and the record before this Court properly supports a finding that the Acting Commissioner has failed to satisfy her burden to show that plaintiff can perform work in the national economy. Were the Court to consider the new evidence presented to the Appeals Council in the form of the 2012 MRI, the proper course would be to remand for further proceedings. 42 U.S.C § 405(g); *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). However, the Court has not based its decision herein on the 2012 MRI. In light of the vocational expert's testimony, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 25] is GRANTED, and defendant's motion for judgment on the pleadings [DE 27] is DENIED. The decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 28 day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE